UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES MANN                                                                                    ECF CASE

                                                                                                          14-cv-00143-RMB

                          Plaintiffs,                                      **COMPLAINT**

                      v.                                                          **JURY TRIAL**
                                                                                         **DEMANDED**

THE CITY OF NEW YORK, THE NEW YORK POLICE
DEPARTMENT, POLICE OFFICER ERIC RIVERA
Shield No. 15811, POLICE OFFICER GEORGE TRIANTIS,
Shield No. 18774 and POLICE OFFICER FRANK
GEOSITS, Shield No. 06845,

                          Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.  This is an action to recover money damages arising out of Defendant's violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of her constitutional rights when the Defendants caused the unlawful arrest, unlawful confinement and malicious prosecution of the Plaintiff. Plaintiff was deprived of his constitutional rights when Defendants unlawfully entered his home, utilized excessive force and caused the unjustifiable arrest and unlawful confinement of the Plaintiff, and maliciously prosecuted Plaintiff James Mann.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. The Plaintiff, James Mann, is a citizen of the United States, and is and was at all times relevant herein a resident of the New York, New York.

5. New York City Police Officer Eric Rivera, Shield No. 15811, was at all times relevant herein an officer, employee and/or agent of Defendant City of New York [hereinafter "City"] and Defendant New York City Police Department [hereinafter "NYPD"], and within the scope of his employment as such. Police Officer Eric Rivera is being sued in his individual capacity.

6. New York City Police Officer George Triantis, Shield No. 18774, was at all times relevant herein an officer, employee and/or agent of Defendant City and Defendant NYPD and within the scope of his employment as such. Police Officer George Triantis is being sued in his individual capacity.

7. New York City Police Officer Frank Geosits, Shield No. 06845, was at all times relevant herein an officer, employee and/or agent of Defendant City and Defendant NYPD and within the scope of his employment as such. Police Officer Frank Geosits is being sued in his individual capacity.

8. At all times relevant herein, the individual Defendants Police Officer Eric Rivera, Police Officer George Triantis, and Police Officer Frank Geosits, were acting under color of state

law in the course and scope of their duties and functions as agents, servants, employees and/or officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual Defendants were each acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents, and/or employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and/or agents of the NYPD.

9. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

10. On November 1, 2011, Plaintiff resided at 309 West 20th Street, Apt. 3R New York, NY.

11. On or about 1:30 p.m. on November 1, 2011, Plaintiff was walking in the vicinity of 420 West 19th Street. Plaintiff was not engaged in any illegal activity at any point.

12. While outside of the building located, one of the defendant officers pressed his firearm into Plaintiff's back and push him into the lobby of a nearby residential building, located 420 West 19th Street, New York, NY 10011. The officer defendant had his firearm out at the time he pushed Defendant into the building.

13. Plaintiff was outside of the building prior to the Officer Defendant pushing him into the building. Plaintiff was eventually searched the the Defendant Officers.

14. Additional police officers arrived at the scene, including Defendant Police Officer Geosits and other unidentified officers.

15. The Police Officers alleged they found three (3) cellular telephones and one (1) ipod during the unlawful search of the Plaintiff. Plaintiff did not possess any contraband.

16. Despite the fact that they had no probable cause to believe that Plaintiff had committed any crimes or offense, the officers placed Plaintiff under arrest.

17. The officers transported Plaintiff to the police precinct.

18. From the precinct, Plaintiff was later taken to Central Booking and arraigned the same day, November 1, 2011 at Midtown Community Court in Manhattan.

19. During arraignment, Plaintiff learned he was being charged with violating: P.L. §140.15(1), Criminal Trespass in the Second Degree, P.L. §165.40, Criminal Possession of Stolen Property in the Fifth Degree, and P.L. §140.10(a), Criminal Trespass in the Third Degree.

20. Plaintiff's case was assigned Docket No: 2011CN008966.

21. Bail was set at the arraignment and the Plaintiff, unable to pay the bail amount, was remanded to City custody and was incarcerated at Rikers Island.

22. On November 9, 2011, Mr. Mann was brought to the New York County Criminal Court at which time his case was adjourned to December 8, 2011. The Plaintiff remained in the custody of Defendant City.

23. On December 8, 2011, the Plaintiff's case was adjourned to January 4, 2011. The Plaintiff remained in the custody of Defendant City and Defendant NYPD.

24. On January 4, 2012, Mr. Mann's case was adjourned to January 10, 2012. The

Plaintiff remained in the custody of Defendant City and Defendant NYPD.

25. On January 10, 2012, the Plaintiff's case was adjourned to March 7, 2012. Mr. Mann was finally released from the custody of Defendant City.

26. Plaintiff was in the custody of Defendant City and Defendant NYPD for approximately seventy-one (71) days.

27. Following his release, Mr. Mann appeared three (3) more times before the court on March 7, 2012, May 2, 2012 and June 21, 2012. All three (3) appearances resulted in adjournments because the prosecution was not ready to proceed.

28. On August 16, 2012 the Plaintiff made his final appearance before the court, at which time his case was dismissed based on the prosecution's violation of C.P.L. §30.30.

29. The initial approach of the Plaintiff by the Defendant Officers, unlawful interrogation and search of arrests of the Plaintiff, and the unlawful arrest of the Plaintiff, by Defendants the City of New York, the New York City Police Department, Police Officer Eric Rivera, Police Officer George Triantis and Police Officer Frank Geosits was far in excess of their rightful authority as New York City police officers. There was no reason for the police officers to have their weapons drawn at the time of the approach, the Plaintiff was forced onto the property for which he was charged with trespass, and arrest of the Plaintiff was made without reasonable or probable cause.

30. The malicious prosecution of Plaintiff James Mann as described above, by Defendants the City of New York and Officer Defendants was far in excess of their rightful authority as well.

31. The unlawful arrest and unlawful confinement of the Plaintiff by Defendants caused the Plaintiff to sustain pain and suffering and psychological and emotional trauma.

32.     The malicious prosecution of Plaintiff James Mann by Defendants caused him to suffer pain and suffering and psychological and emotional trauma.

### FIRST CLAIM
**Municipal Liability Claim Against the City of New York For Failure to Properly Hire, Train, Supervise and Discipline Employees**

33.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

34.     Individual Defendants' unlawful arrest and detention without probable cause and unlawful searches without probable cause was pursuant to custom, practices, policy or uses of Defendant, the City of New York through the New York City Police Department.

35.     Under this custom, usage, practice or policy, The City of New York:

(a)     encouraged and/or condoned, the use of excessive force, unlawful arrest and detention without probable cause and unlawful search without probable cause;

(b)     encouraged and/or condoned the practice of using stop and frisk tactics, detaining individuals without probable cause, falsely accusing and arresting individuals, and unlawfully searching people and property;

(c)     failed to adequately screen applicants to the New York City Police Department;

(d)     failed to investigate the excessive use of force, unlawful arrest and detentions by the New York City Police Department;

(e)     failed to provide adequate training to its New York City Police

>   Department regarding the use of force, the constitutional limits of force, the proper use of weapons including handcuff, the proper method of detaining and arresting people, and the proper procedure when searching a property or person; and
>
>   (f)   failed to adequately supervise its police officers in their official duties.

36.   Individual Defendant's use of excessive force, unlawful arrest and detention without probable cause and unlawful search of the Plaintiff's residence and persons caused the Plaintiff to be subjected to a denial of his civil right to be free of such actions under the Fourth and Fourteenth Amendments to the Constitution.

37.   Defendant City of New York, through its policymakers, knew to a moral certainty that its police officers would confront situations that could result in the use of excessive force, unlawful arrest and detention without probable cause, and unlawful searches.

38.   Said situations present New York City police officers with difficult judgments about how much force is too much force in a given situation, in what situations should a police officer arrest and detain a person, and in what situation is it proper and legal to search a property or person.

39.   Said difficult judgments are of the sort that training or supervision will make less difficult.

40.   There is a history of New York City police officers mishandling these situations, as evidenced by:

>   a.   similar injuries and abuse sustained by people at the hands of New York City police officers.
>
>   b.   public reports and articles documenting these deficiencies authored by the

    New York State Office of the Attorney General, the New York State Committee on Civil Rights, the United States Commission on Civil Rights, the New York State Defenders Association, The New York Times and several other public agencies and officials. These reports and articles documented the systemic failure of defendants when using force and stopping, arresting and detaining individuals for probable cause.

  c. similar civil rights actions brought against defendants City and its police officers for excessive force and unlawful arrest and imprisonment.

  d. numerous complaints and substantiated reports of police officers' use of excessive force, unlawful arrests and imprisonments, and unlawful searches within New York City.

  41. New York City police officers also have a powerful incentive to violate individual's constitutional rights so that they may obtain evidence and solve crimes more easily, as well as increase their precinct's arrest numbers.

  42. The wrong choice by New York City police officers when confronted with these difficult judgments will frequently cause the deprivation of a individual's constitutional rights, in that if their judgment of the amount of force is wrong, they will have violated the individual's right to be free from the use of excessive force, as guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983; if their judgment in whether there is probable cause to arrest and detain an individual is wrong, they will have violated the individual's right to be free from the unlawful deprivation of liberty, as guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983; and if their judgment in whether there is probable cause to search a person or property is wrong, they will

have violated the individual's right to be free from unreasonable searches, as guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983

43. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for their use of excessive force against the Plaintiff.

44. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful seizure and confinement of the Plaintiff.

45. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful search of the Plaintiff's residence and person.

46. Defendant City's deliberate indifference in hiring, training, supervising and disciplining the Officer Defendants directly and proximately caused the Plaintiff' injuries.

## SECOND CLAIM
### Unlawful Stop and Search

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
### False Arrest

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

55. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

56. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Unreasonable Force

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. The individual defendants created false evidence against Plaintiff.

62. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

63. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse Of Process

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. The individual defendants issued legal process to place Plaintiff under arrest.

67. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

68. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CLAIM
### Failure To Intervene

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### JURY DEMAND

74. The Plaintiff hereby demands trial by jury of all issues properly triable thereby.

### PRAYER FOR RELIEF

WHEREFORE, The Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that the Plaintiff shall recover compensatory damages in the sum of $5,000,000 against the individual Defendants, Police Officer Eric Rivera, Police Officer George Triantis and Police Officer Frank Geosits, The New York City Police Department and the City of New York, jointly and severally, together with interest and costs; and that the Plaintiff recover punitive damages in the sum of $2,000,000 against the individual Defendants, jointly and severally.

    a. That the Plaintiff recovers the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

    b. That the Plaintiff has such other and further relief as the Court shall deem just and proper.

DATED:    January 8, 2013
New York, New York

                                                                                            _____/s/_____
                                                           RICHARD P. REYES, ESQ. (RR 8457)
                                                           299 Broadway, Suite 1501
                                                           New York, New York 10007
                                                           (212) 966-3761
                                                           (646) 536-8964 (facsimile)